Submitted October 23, 1964, affirmed February 10, 1965

# MAZAMA TIMBER PRODUCTS *v.* TAYLOR

399 P. 2d 26

R. W. PicKell, Salem, for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

GOODWIN, J.

Plaintiff brought an action in claim and delivery (replevin) under ORS 29.810 to 29.910 for the return of a tractor. The jury heard the evidence and found that the plaintiff was entitled to possession. Defendant appeals.

■ The first assignment of error challenges the ruling of the trial court which allowed the plaintiff to file two amended complaints after discovering that the tractor had been misdescribed in the first complaint. Every pleader is entitled to one amendment as a matter of right. ORS 16.370. The discretionary power of the court to allow further amendment of pleadings is covered by ORS 16.390. This court does not reverse a trial court in the exercise of such discretion except upon a clear showing of an abuse.

■ The next assignment of error challenges the legal sufficiency of the second amended complaint. The pleading alleged after a fashion that the defendant was wrongfully holding the plaintiff's tractor under a pretended claim of lien. There was no error in overruling the demurrer.

■ Another assignment of error points out that the verdict did not comply with ORS 17.410, which requires the jury in certain cases to assess the value of specific

personal property. While the appellant is right, in that the verdict should have placed a value on the tractor, the record indicates that the tractor was immediately returnable to the plaintiff, and therefore there is no showing that the failure of the jury to assign a value to the tractor for the purpose of an alternative judgment has in any way prejudiced anyone. This assignment of error, while well taken, affords no basis for another trial. ORS 19.125 (2).

■ The remaining assignments of error challenge the sufficiency of the evidence to support the verdict. The evidence that the plaintiff had made demand upon the defendant was equivocal, but the defendant was defending upon the theory that he was holding under a repairman's lien. Proof of a formal demand was, therefore, immaterial. The defendant's answer makes it clear that a formal demand would have been a useless gesture.

■■ There was evidence which tended to support the plaintiff's theory that the purported repairman's lien was based upon work which, if done, had not been requested by the plaintiff. If the work was unauthorized, the lien was invalid. Whether or not the work was authorized was the only substantial issue in the case. We need not weigh the evidence, as that was jury work, but we are satisfied that there was enough evidence to support the verdict.

Affirmed.